UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO-JESUS GONZALEZ-SANCHEZ, A-077-910-228,

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX, et al.,

Respondents.

No. 1:26-cv-04375-DC-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Roberto-Jesus Gonzalez-Sanchez is detained by Immigrations and Customs Enforcement ("ICE") and proceeds on a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). The first amended petition, respondents' answer, and petitioner's reply are before the court. (ECF Nos. 7, 9, 10.) For the following reasons, the undersigned recommends the petition be granted and respondents be ordered to immediately release petitioner under previously imposed conditions of supervision.

**I. Background**

Petitioner is a native and citizen of Cuba who entered the United States at an unknown time and place. (ECF No. 9-1 at 1.) The narrative for petitioner's Form I-213 indicates he has been convicted of several crimes while in the United States. (See id. at 2.) Petitioner was ordered

removed to Cuba in 2007 and again in 2018. (ECF No. 9-2 at 1-2.) The parties agree he was released under an order of supervision both times when removal could not be effectuated. (ECF No. 9 at 2.)

The Department of Homeland Security (DHS) re-detained petitioner on September 28, 2025, following his release from county jail. (ECF No. 9-1 at 2.) Petitioner alleges the re-detention occurred without adequate individualized written notice of the basis for revoking his release, and, since then, ICE has not produced any travel document, has not identified any consular contact that would lead to a travel document, and has not provided petitioner with a meaningful custody review explaining why his removal is reasonably foreseeable. (ECF No. 7, ¶ 3.) DHS has issued written notices stating its intent to remove petitioner to Mexico which petitioner has refused to sign. (ECF No. 9-3 at 1-2.)

The first amended petition brings six claims set forth as follows: (1) Unlawful Detention in Violation of 8 U.S.C. § 1231(a)(6) and Zadvydas v. Davis; (2) Violation of the Due Process Clause of the Fifth Amendment — Prolonged Detention; (3) Threatened Third-Country Removal Without Statutory or Regulatory Process — 8 U.S.C. § 1231(b) and Implementing Regulations; (4) Violation of the Due Process Clause of the Fifth Amendment — Threatened Third-Country Removal; (5) Violation of the Due Process Clause, 8 C.F.R. § 241.13, and the Administrative Procedure Act — Failure to Comply with Revocation Regulations; and (6) Violation of the Fifth and Eighth Amendments — Punitive Third-Country Banishment. (ECF No. 7.)

Petitioner requests release from custody on reasonable conditions of supervision and orders enjoining respondents in relation to third country removal and related procedures. (ECF No. 7 at 21.)

Respondents argue (a) the remedy for any regulatory violation should be limited to restoring the status quo—release under the prior supervision terms; and (b) no injunction against third-country removal is warranted on this record. (ECF No. 9 at 2-3.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner is subject to a final order of removal, and 8 U.S.C. § 1231 governs his detention. Under this statute, a noncitizen is subject to an initial 90-day removal period during which detention is mandatory. 8 U.S.C. § 1231(a). After the 90-day removal period expires, ICE has discretion to continue detaining the noncitizen or to release pending removal. 8 U.S.C. § 1231(a)(6). Here, the parties agree petitioner was previously released after 90 days of detention following two prior final removal orders.

Respondents concede there is no evidence immigration officials complied with their own regulations in revoking petitioner's release on supervision. (ECF No. 9 at 2.) Two DHS regulations, 8 C.F.R §§ 241.4(l) and 241.13(i), govern how and when the agency may revoke release on an order of supervision and re-detain a noncitizen such as petitioner. See Uzzhina v. Chestnut, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *3-4 (E.D. Cal. Dec. 2, 2025) (explaining how and when DHS may revoke release on an order of supervision). Both regulations require that the noncitizen be notified of the reasons for the revocation of his or her release and be promptly afforded an informal interview to respond to the reasons for revocation. 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3). If a noncitizen remains detained, the regulations state that a second hearing is to be provided by the agency. 8 C.F.R. §§ 241.4(l)(3), 241.13(j)

Respondents concede there is no evidence petitioner received notice of the reasons for revocation and a prompt informal interview in connection with the revocation of his prior release on supervision. Petitioner is entitled to relief on his fifth claim to the extent it asserts a violation of 8 C.F.R. § 241.13. See, e.g., Phan v. Beccerra, No. 2:25-CV-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025) (finding the petitioner likely to succeed on claim that his re-detention was unlawful where release was not properly revoked pursuant to § 241.13). The proper remedy is petitioner's release from custody. See id. In light of the finding that he is entitled to the remedy of release based on his fifth claim for relief in the first amended petition to

the extent it asserts a violation of 8 C.F.R. § 241.13, in the interests of judicial economy, the court need not address the remainder of petitioner's first, second, and fifth claims in the first amended petition.

Petitioner's third, fourth, and sixth claims involve threatened third country removal and related procedures. DHS has issued written notices stating its intent to remove petitioner to Mexico. (ECF No. 9-3 at 1-2.) "Third-country removals involve deportation to countries that are not identified in a final removal order and to which the non-citizen has no connection." Nguyen v. Charles, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *6 (E.D. Cal. Dec. 4, 2025) (citing 8 U.S.C. § 1231(b)(2)(E)(vii)). Where a petitioner is seeking injunctive relief regarding the process required in relation to third country removal and is not challenging any decision to commence proceedings, adjudicate the case, or execute the removal order, the court has jurisdiction to review the claim. See Escobar v. Chestnut, No. 1:25-CV-01801-DJC-EFB, 2025 WL 3687639, at *1 (E.D. Cal. Dec. 19, 2025).

In recent months, the government's policy regarding third country removals has shifted substantially. See Escobar v. Chestnut, 2025 WL 3687639, at *2 (describing ICE memoranda dated March 30 and July 9, 2025, updating agency officials on its policy regarding third country removals). Courts across this circuit have found that ICE's policy, as described in the March and July Memoranda, is likely unconstitutional and contrary to Ninth Circuit precedent. Escobar v. Chestnut, 2025 WL 3687639, at *4 (citing collected cases); Nguyen v. Charles, 2025 WL 3492117, at *6 (finding the petitioner was likely to succeed on the merits of third-country removal claims because "ICE's third-country removal policy is unconstitutional").

Petitioner has a clear protected liberty interest at stake. See A.A.M. v. Andrews, No. 1:25-CV-01514-DC-DMC (HC), 2025 WL 3485219, at *8 (E.D. Cal. Dec. 4, 2025). Thus, the court looks to the procedures necessary to ensure any deprivation of that liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Mathews v. Eldridge, 424 U.S. 319 (1976). The court applies the Mathews test which considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if

any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

Petitioner has a substantial private interest in not being removed to a third country with which he has no connection, or where he faces potential persecution, torture, and death. See A.A.M. v. Andrews, 2025 WL 3485219, at *8; Escobar v. Chestnut, 2025 WL 3687639, at *4. Petitioner has a substantial private interest in not being removed to Mexico, where, under the petition's allegations, he witnessed his brother being decapitated in front of him after being kidnapped in El Paso, Texas, and taken into Mexico. (ECF No. 7, ¶ 27.)

The risk of erroneous deprivation is substantial because under current DHS policy, removal may be effectuated without notice and opportunity to be heard. Escobar v. Chestnut, 2025 WL 3687639, at *4. Even where noncitizens are provided notice of removal, the processing of claims in a highly expedited manner could deprive a non-citizen of a meaningful opportunity to assert fear of removal, present evidence, or receive a determination from a neutral arbiter. Id. Moreover, should petitioner be erroneously removed to a third country, there would be no avenue to vindicate his rights in the United States. A.A.M. v. Andrews, 2025 WL 3485219, at *9.

The government has lesser interests in this context as the cost of providing the necessary procedural safeguards is minimal. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); Escobar v. Chestnut, 2025 WL 3687639, at *4. On balance, the Mathews factors favor granting relief petitioner additional relief in regard to procedures for effectuating any third country removal.

On the other hand, to the extent petitioner seeks an order prohibiting his removal to any third country, on the ground that removal to any country other than Cuba constitutes punitive third-country banishment in violation of the Fifth and Eighth Amendments, petitioner fails to show entitlement to relief. This claim is undeveloped, whether intended as a facial or as-applied constitutional challenge. "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Petitioner fails to carry his burden to the extent he requests an order

enjoining respondents from removing him to any third country that would impose imprisonment, isolation, or other punitive conditions on him.

**IV. Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to immediately release petitioner under the previously imposed conditions of supervision in place at the time of his re-detention on or about September 28, 2025.
3. Respondents also be ENJOINED AND RESTRAINED from removing petitioner to a third country without first allowing him a meaningful opportunity to be heard on a fear-based claim before an immigration judge.
4. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 gonz4375.mer